78 F.3d 589
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Kelly James ANDERSON, Appellant.
 No. 95-2751.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 25, 1996.
Filed Feb. 29, 1996.
 
 Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kelly James Anderson appeals from the final judgment entered in the District Court[1] for the District of South Dakota upon his guilty plea to attempting to possess methamphetamine with intent to distribute it and aiding and abetting the attempted possession of it, in violation of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. § 2. The district court sentenced Anderson to 108 months imprisonment, 4 years supervised release and a $50 special assessment. For reversal Anderson argues the district court erred in calculating the amount of drugs used to determine his base offense level and in assessing an aggravating-role enhancement. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 We will not reverse a district court's drug-quantity finding unless it is clearly erroneous. See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir.1993). In making this finding, the district court did not err in considering Anderson's relevant conduct under U.S.S.G. § 1B1.3(a)(2) (relevant conduct includes, for drug distribution offense, acts that were part of same course of conduct or common scheme or plan as offense of conviction). See United States v. Karam, 37 F.3d 1280, 1285-86 (8th Cir.1994) ("relevant conduct" may include conduct from dismissed counts), cert. denied, 115 S.Ct. 1113 (1995). Additionally, the district court was required to estimate the quantity of drugs not seized. See U.S.S.G. § 2D1.1, comment. (n.12). Testimony in the record supports the district court's finding that Anderson was accountable for 473 grams of methamphetamine. Accordingly, we conclude the district court properly determined that Anderson's base offense level was 28. See U.S.S.G. § 2D1.1(a)(3), (c)(6); United States v. Cassidy, 6 F.3d 554, 557 (8th Cir.1993); Adipietro, 983 F.2d at 1472 (finding on witness credibility virtually unassailable on appeal). We conclude Anderson's other arguments on this issue are meritless: the district court did not merely accept the probation officer's conclusions but rather made an independent drug-quantity determination; the evidence supporting the determination (the wire transfers of money and overnight deliveries of packages) was reliable and clearly established; and Anderson's post-plea-agreement statements were not used adversely to determine his base offense level, but rather were used in his favor to eliminate certain wire transfers from the calculation.
 
 
 3
 A defendant's offense level is increased by two levels if he or she was "an organizer, leader, manager, or supervisor in any criminal activity other than that described in (a) or (b)" (i.e., activity that involved five or more participants or that was otherwise extensive, which would result in three- and four-level increases). U.S.S.G. § 3B1.1(c). To qualify for a role-in-the-offense enhancement, "the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1, comment. (n.2). "A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." Id. at (n.1). The definition of leadership or organizational role is broad, and we will not reverse a district court's findings on the issue unless it is clearly erroneous. See United States v. Horne, 4 F.3d 579, 590 (8th Cir.1993), cert. denied, 114 S.Ct. 1121 (1994). Here, the record shows that Anderson had the connections to obtain the methamphetamine, directed the timing of the wire transfers, and controlled to whom the overnight packages would be addressed and who would pick them up. Accordingly, we conclude that the district court did not clearly err in assessing the two-level aggravating-role enhancement. See U.S.S.G. § 3B1.1, comment. (n.4) (factors considered include, inter alia, nature of participation in offense and degree of participation in planning or organizing offense); United States v. Tran, 16 F.3d 897, 903 (8th Cir.1994).
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota